Martha GRAHAM et al., Appellants,

v.

Willie HUBBARD, Appellee.

No. 6831.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 8, 1966.

Forse & Forse, Newton, for appellants.

Barber & Seale, Jasper, for appellee.

STEPHENSON, Justice.

This was an action in trespass to try title. Trial was before the court and judgment

was rendered for plaintiff. The parties will be referred to here as they were in the trial court.

It was agreed that L. B. Snell and wife, Verdie Mae Snell, were the common source of title. The evidence showed the plaintiff, Willie Hubbard, received a deed to the property in question from L. B. Snell and wife, dated April 14, 1956, but that this deed was not recorded until March 28, 1964. The evidence further shows that Andrew Graham received a deed to the same property from L. B. Snell and wife, dated May 11, 1957, and recorded May 29, 1957. The evidence showed Andrew Graham was dead at the time of this trial, and the pleadings alleged the defendants were his surviving wife and children.

Defendants rely upon two series of points in seeking a reversal and rendition in this cause. Complaint is made that plaintiff's pleadings were not sufficient to permit introduction of evidence that the deed given by L. B. Snell and wife to Andrew Graham was in fact intended as a mortgage. It is also urged that it was error for the trial court to allow certain evidence as being a transaction with a descendant and precluded under Article 3716, Vernon's Ann.Civ. St. However, neither of these points is controlling in this case.

The disposition of this case is determined by the rule of law that plaintiff having established that he had received a deed to this property from the agreed common source prior in time to the deed under which defendants claim, was entitled to recover unless defendants then discharged their burden of proving by evidence outside of the recital in their deed that they purchased the land for a valuable consideration and without notice of the previous conveyance. Turner v. Cochran, 94 Tex. 480, 61 S.W. 923.

The trial court made findings of fact and conclusions of law. The court found as a fact: That plaintiff and his family were living on this land as their home at the time of the deed to Andrew Graham. That at the time he received his deed, Andrew Graham had full and actual knowledge of the prior unrecorded deed to plaintiff. The trial court then held as a conclusion of law that Andrew Graham did not have the status of an innocent purchaser for value, or a bona fide purchaser. None of these findings of fact nor this conclusion of law is contested.

Affirmed.